■ In the Matter of PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant, v PORT AUTHORITY POLICE LIEUTENANTS BENEVOLENT ASSOCIATION, Respondent. [2 NYS3d 91]—

Judgment, Supreme Court, New York County (Anil C. Singh, J.), entered June 14, 2013, confirming an arbitration award, dated September 10, 2012, rendered upon a finding that

petitioner violated the parties' governing collective bargaining agreement (Memorandum of Agreement [MOA]) by eliminating free "E-Z Pass" privileges for retired police lieutenants, unanimously affirmed, without costs.

The MOA expressly incorporates the terms of a 1973 Port Authority Administrative Instruction, PAI 40-1.01, that provides that retired employees "receive the same allowance to which they would be entitled if their Port Authority service was not interrupted." The ruling that this language vests retired members of respondent with a lifetime interest in the EZ-Pass privileges they enjoyed while employed did not exceed the arbitrator's authority since it is not "completely irrational" (*Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 383 [1960]; *Matter of Port Auth. of N.Y. & N.J. v Local Union No. 3, Intl. Bhd. of Elec. Workers*, 117 AD3d 424 [1st Dept 2014]).

Supreme Court stated in the judgment that the arbitrator "noted" that "it will take a new Collective Bargaining Agreement and MOA to end free passes for [respondent's] members, past and present." We note that the court's remark is dictum and that the statement of the arbitrator that the court paraphrased, also dictum, expressed no such determination. Concur—Mazzarelli, J.P., Sweeny, Andrias, Moskowitz and Richter, JJ.