Judgment, Supreme Court, New York County (Cynthia S. Kern, J.), entered September 12, 2013, confirming an arbitration award, dated February 11, 2013, rendered upon a finding that petitioner violated the parties’ collective bargaining agreement (Memorandum of Agreement [MOA]) by eliminating free “E-Z Pass” privileges for retired police sergeants, unanimously affirmed, without costs.
The MOA expressly incorporates the terms of a 1973 Port Authority Administrative Instruction, PAI 40-1.01, that provides that retired employees “receive the same allowance to which they would be entitled if their Port Authority service was not interrupted.” The ruling that this language vests retired members of respondent with a lifetime interest in the EZ-Pass privileges they enjoyed while employed did not exceed the arbitrator’s authority since it is not “completely irrational” (Matter of National Cash Register Co. [Wilson], 8 NY2d 377, 383 [1960]; Matter of Port Auth. of N.Y. & N.J. v Local Union No. 3, Intl. Bhd. of Elec. Workers, 117 AD3d 424 [1st Dept 2014]). Nor is the arbitrator’s refusal to limit his ruling to employees who retired during the term of the current MOA irrational, in light of his finding that PAI 40-1.01 has been incorporated into every MOA executed since it was first issued in 1973 (see Kolbe v Tibbetts, 22 NY3d 344, 353 [2013]).
Petitioner’s contention that the arbitrator exceeded his contractual power by failing to apply applicable precedent arises from its misreading of the MOA. The contractual phrase, “in *476 accordance with applicable law,” refers to the extent to which the arbitral award will be binding upon the parties; it does not indicate an intent of the parties to deviate from the basic principle that an arbitral award may not be vacated on the ground that the arbitrator made a mistake of law (see Hackett v Milbank, Tweed, Hadley & McCloy, 86 NY2d 146, 154-155 [1995]).
Concur — Mazzarelli, J.P., Sweeny, Andrias, Moskowitz and Richter, JJ.