▇ In the Matter of PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant, v PORT AUTHORITY POLICE DETECTIVES ENDOWMENT ASSOCIATION, INC., Respondent. [8 NYS3d 193]—

Order and judgment (one paper), Supreme Court, New York County (Joan M. Kenney, J.), entered March 10, 2014, which denied the petition to vacate an arbitration award, dated January 22, 2013, rendered in favor of respondent ruling that petitioner violated the parties' governing collective bargaining memorandum of agreement (MOA) by eliminating free E-Z Pass privileges for retired detectives, and confirmed the award, unanimously affirmed, without costs.

The MOA expressly incorporates the terms of a 1973 Port Authority Administrative Instruction, PAI 40-1.01, which provides that respondent's retirees shall "receive the same allowance to which they would be entitled if their [PA] service was not interrupted." The arbitrator's ruling that this language vests respondent's retirees with a lifetime interest in the EZ-Pass privileges which they enjoyed while employed, is not " 'completely irrational' " or otherwise beyond the scope of the arbitrator's authority (*Matter of Port Auth. of N.Y. & N.J. v Port Auth. Police Lieutenants Benevolent Assn.*, 124 AD3d 473 [1st Dept 2015]; *Matter of Port Auth. of N.Y. & N.J. v Port Auth. Police Sergeants Benevolent Assn.*, 124 AD3d 474 [1st Dept 2015] [*SBA I*]; *Matter of Port Auth. of N.Y. & N.J. v Port Auth. Police Sergeants Benevolent Assn.*, 124 AD3d 475 [1st Dept 2015] [*SBA II*]). Given his finding that PAI 40-1.01 had been repeatedly incorporated into the MOA's predecessor agreements, the arbitrator rationally construed the MOA as continuing and incorporating vested personal pass benefits for all retirees, and he did not exceed his contractual authority by declining to limit the scope of the award to respondent's members who retired during the term of the current MOA (*see SBA II*, 124 AD3d at 475).

Petitioner's contention, that the arbitrator exceeded his

contractual power by misapplying applicable precedent, is without merit. "The contractual phrase, 'in accordance with applicable law,' refers to the extent to which the arbitral award will be binding upon the parties; it does not indicate an intent of the parties to deviate from the basic principle that an arbitral award may not be vacated on the ground that the arbitrator made a mistake of law" (*SBA I*, 124 AD3d at 475; *SBA II*, 124 AD3d at 475-476). Concur—Acosta, J.P., Saxe, DeGrasse and Richter, JJ.